IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AUDREY MARIE ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:25-cv-0063-RAH |
| TARA LYNN HAMPTON, *et al.*, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Plaintiff's motion to remand this lawsuit to the Circuit Court of Russell County, Alabama. In her motion, Plaintiff Audrey Marie Allen argues that Defendant State Farm Mutual Automobile Insurance Company has not satisfied the procedural requirements for removal, namely consent to removal by all served defendants. The Court agrees, and therefore the Motion to Remand will be granted.

## **LEGAL STANDARD**

Removal jurisdiction exists when the court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). For removal to be proper, the removing party must comply with certain procedural requirements. *See* 28 U.S.C. § 1446. For example, "the law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001) (citations omitted), *abrogated on other grounds by Overlook Gardens Props., LLC v. ORIX USA, L.P.*, 927 F.3d 1194 (11th Cir. 2019); 28 U.S.C. § 1446(b)(2)(A). "The failure to join all defendants in the petition is a defect in the removal procedure." *In re Bethesda Mem'l Hosp.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997).

1

A plaintiff may seek to remand an action to state court based on a "procedural defect in the removal of the case." *Russell Corp.*, 264 F.3d at 1043–44 (citations omitted). Because of "significant federalism concerns arising in the context of federal removal jurisdiction," removal rules such as the unanimity requirement must be "strictly interpreted and enforced." *Id.* at 1049. "[A]mbiguities are generally construed against removal," *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1177 (11th Cir. 2006) (citation omitted), and "uncertainties are resolved in favor of remand," *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). If procedural defects are present, remand is appropriate. *See* 28 U.S.C. § 1447(c).

## DISCUSSION

The dispositive issue is whether Defendant State Farm Mutual Automobile Insurance Company's removal violated 28 U.S.C. § 1446(b)(2)'s unanimity requirement. It did.

To satisfy the unanimity requirement, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Russell Corp.*, 264 F.3d at 1044 (discussing the unanimity requirement). Each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record within the thirty-day period prescribed in § 1446(b). The thirty-day period is calculated from the date of service on that defendant or the removing defendant, whichever is later. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204–05, 1207 n.8 (11th Cir. 2008)).

The Notice of Removal reveals that, on January 21, 2025, State Farm—and State Farm only—removed this case without joinder in the Notice of Removal by Defendant Tara Lynn Hampton or her consent. The case was removed even though Hampton had recently been served with the Summons and Complaint on January 19, 2025. (*See* Doc. 1-2 at 72.) Over thirty days have passed since Hampton and State Farm were served and the date of removal. In that time, Hampton has not filed any

2

pleading, or given any notice, signifying her joinder or consent. Because Hampton did not timely consent, nor has she ever consented, this is a procedural defect to removal warranting remand. *See* 28 U.S.C. § 1446(b)(2)(A); 28 U.S.C. § 1447(c). *Bailey*, 536 F.3d at 1207 ("The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective."); *Hardy v. Ford Motor Co.*, No. 7:09-CV-2363-TMP, 2010 WL 11561590, at *4 (N.D. Ala. Apr. 28, 2010) ("[I]f a proper defendant in a multi-defendant case fails or declines to consent to the removal within the thirty-day window for removal, the case is subject to remand for a procedural defect."); *Euwema v. Osceola Cnty.*, No. 6:19-CV-1760-ORL-37LRH, 2019 WL 6614322, at *2 (M.D. Fla. Dec. 5, 2019) ("So if any of the three non-consenting Defendants were properly served at the time of removal and failed to timely consent, this is a procedural defect to removal warranting remand.").

Recognizing this defect, State Farm argues that Hampton's party status is a nominal or formal one and that her lack of consent therefore can be ignored. But Hampton is the primary tortfeasor who allegedly caused the motor vehicle accident made the basis of this lawsuit, and consequently she is not a nominal or formal defendant whose non-consent can be ignored. Whether Hampton was insured at the time of the accident is irrelevant.

No exception to the unanimity requirement applies here. Thus, this lawsuit is due to be remanded. *See* 28 U.S.C. § 1447(c); *see also Russell Corp.*, 264 F.3d at 1044 ("Like all rules governing removal, [the] unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." (citation omitted)).

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**; and

2. This action is **REMANDED** to the Circuit Court of Russell County,

Alabama.

The Clerk of Court is **DIRECTED** to take the steps necessary to remand this case to the Russell County Circuit Court and to close the case in this Court.

DONE, this the 5th day of March, 2025.

/s/ R. Austin Huffaker, Jr.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE